**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LINDA DIANN SMITH and       :
EDMUND SMITH, III,
                            :
    Plaintiffs,
                            :
vs.                                      CA 07-0224-C
                            :
NEWPORT INSURANCE
COMPANY, et al.,            :

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the motions to dismiss for failure to prosecute filed by defendants Newport Insurance Company and Balboa Insurance Group (Doc. 23) and defendant American Security Insurance Company (*see* Doc. 25). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this case. (Docs. 13 & 14 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-

judgment proceedings.'"))[1] Upon consideration of the contents of the motions, with attachments, and the arguments of counsel during the hearing on November 7, 2007, the Court **GRANTS** the defendants' motions to dismiss and hereby **DISMISSES** this action based upon the plaintiffs' failure to prosecute and abide by the orders of this Court.[2]

## FINDINGS OF FACT

1. Plaintiffs filed this breach of contract action in the Circuit Court of Mobile County, Alabama on January 16, 2007. (*See* Doc. 1, at ¶ 1) The defendants removed this action to this Court on March 23, 2007. (Doc. 1)

2. The Rule 16(b) scheduling order entered by the Court on June 5, 2007 set the discovery cutoff date for December 4, 2007. (Doc. 12, at ¶ 2)

3. On June 13, 2007, the parties, through counsel, consented to the

---

[1] The action of the Court in allowing counsel for the plaintiffs to withdraw on September 24, 2007 (Doc. 21; *see also* Doc. 18), has no impact on the consent jurisdiction exercised herein. *Cf. Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) ("[T]here is no absolute right to withdraw a validly given consent to trial before a magistrate [judge]. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to withdraw consent to trial before a magistrate [judge] may be granted only for good cause, the determination of which is committed to the court's sound discretion."); *Jurado v. Klein Tools, Inc.*, 755 F.Supp. 368, 371 (D. Kan. 1991) ("A party has no right to withdraw his or her consent at will, but the court may allow withdrawal upon the showing of good cause.").

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 13 & 14 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

exercise of jurisdiction by the undersigned for all proceedings in this case, including trial. (Docs. 13 & 14)

4. On September 20, 2007, plaintiffs' counsel filed a motion to withdraw based upon their inability to contact the plaintiffs. (Doc. 18) This motion was granted by the Court on September 24, 2007. (Doc. 21)

5. On September 24, 2007, counsel for defendants Newport Insurance Company and Balboa Insurance Group mailed to both plaintiffs a second amended notice of deposition subpoena duces tecum. (Doc. 23, Exhibits A & B)[3] The plaintiffs' depositions were noticed for October 9, 2007 at the offices of Hand Arendall, LLC. (*Id.*) Neither plaintiff appeared for deposition on October 9, 2007. (Doc. 23, Exhibits C & D)

6. On October 15, 2007, defendants Newport Insurance Company and Balboa Insurance Group filed a motion to dismiss for failure to prosecute. (Doc. 23) An evidentiary hearing was set for November 7, 2007. (Doc. 24) Thereafter, defendant American Security Insurance Company joined in the motion to dismiss for failure to prosecute. (Doc. 25)[4] This motion was heard

---

[3] In addition, counsel for defendants Newport and Balboa filed a motion to compel discovery on September 24, 2007. (Doc. 20; *see also* Doc. 22 (amended motion to compel)) The motion to compel discovery, as amended, is **MOOT**.

[4] This pleading is treated as a motion to dismiss for failure to prosecute.

on November 7, 2007. (Doc. 26)

7. Plaintiffs did not appear for the hearing on November 7, 2007. The undersigned has learned that the Court's most recent order entered regarding the November 7, 2007 evidentiary hearing (Doc. 26) did not reach the plaintiffs because it was mistakenly sent to the wrong address.

## **CONCLUSIONS OF LAW**

1. Rule 41(b) of the Federal Rules of Civil Procedures provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." *Id*.; *see also Environmental Biotech, Inc. v. Sibbitt Enterprises, Inc*., 2007 WL 2993997, *2 (M.D. Fla. 2007) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Rule 41(b) is a "'housekeeping measure' which allows the Court to manage its docket, further the policy of expeditious resolution of litigation, and prevent prejudice to a defendant from delay." *Stolt-Nielsen, Inc. v. Zim Israel Navigation Co., Ltd*., 879 F.Supp. 1223, 1225 (S.D. Ga. 1994) (citation

4

omitted), *vacated on other grounds,* 67 F.3d 314 (11th Cir. 1995).

    2.    Because a Rule 41(b) dismissal with prejudice is an extreme sanction, it should only be ordered "'where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice.'" *Welch v. Comcar Industries*, 139 Fed.Appx. 138, 139, 2005 WL 1189626, *1 (11th Cir. 2005), citing *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Eleventh Circuit has indicated that this sanction is appropriate only when "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct[5]); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (citations omitted; footnote added); *see also McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("[T]he severe sanction of dismissal-with prejudice or the equivalent-should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'"). This harsh sanction "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K. Agencies, Ltd., supra,* 432 F.3d at

---

[5]     "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time.'" *Hudson v. Cardwell Corp*., 2006 WL 2135791, *2 (S.D. Ala. 2006) (citations omitted).

1338 (citation omitted).

    3.    This Court specifically finds that the plaintiffs have engaged in a course of contumacious conduct such that no sanction other than the ultimate one of dismissal with prejudice will suffice. The failure of the plaintiffs to communicate with their attorneys in this case, particularly regarding pending discovery, reached a level that counsel sought, and was granted, leave to withdraw. In addition, both plaintiffs ignored deposition notices they received from counsel for two of the defendants and failed to appear for their depositions. They have eschewed responding to written discovery propounded to them. Finally, they failed to file written responses to the motions to dismiss now pending before the Court and failed to appear at the evidentiary hearing noticed by this Court for November 7, 2007. While the order entered by the Court on November 1, 2007 regarding the hearing was not received by plaintiffs, there is nothing in the record to indicate that plaintiffs did not receive the order entered on October 16, 2007 (*see* Doc. 24), same initially setting the hearing for November 7, 2007 (*id.*).

    4.    This Court has heard nothing from the plaintiffs in the seven (plus) weeks since counsel was allowed to withdraw. Obviously, therefore, plaintiffs have given this Court no basis upon which to excuse their

contumacious conduct and impose a lesser sanction than dismissal with prejudice. Accordingly, the only sanction that will suffice in this case is dismissal with prejudice.

## **CONCLUSION**

The defendants' motions to dismiss this case (Docs. 23 & 25) are **GRANTED**. The plaintiffs' complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute and abide by the orders of this Court.

**DONE** and **ORDERED** this the 14th day of November, 2007.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**